IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00287-CR

 

Romelle Peoples,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2006-390-C

 



MEMORANDUM  Opinion



 








          Romelle Peoples pleaded guilty to aggravated assault with a deadly
weapon.  Pursuant to a plea bargain, the court sentenced him to five years’
imprisonment.  Peoples executed a
waiver of appeal as part of the plea proceedings.  After
imposition of sentence, he filed a “Request for Permission to Appeal.”  The
district clerk treated this request as a notice of appeal and forwarded a copy
to the Clerk of this Court.  Because Peoples waived appeal and because the
trial court has not granted permission to appeal, we will dismiss this appeal.

          The trial court’s
certification regarding Peoples’s right of appeal states, “[T]he defendant has
waived the right of appeal.”  Rule of Appellate Procedure 25.2(d) provides in
pertinent part, “The appeal must be dismissed if a certification that shows the
defendant has the right of appeal has not been made a part of the record under
these rules.”  Tex. R. App. P. 25.2(d);
see also Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (“the
Court of Appeals was required to dismiss the appeal unless it concluded that
the trial court’s certification was defective”).

          As part of the plea
proceedings and consistent with the trial court’s certification, Peoples signed
a waiver of appeal.  “[A] valid waiver of appeal, whether negotiated or non-negotiated, will
prevent a defendant from appealing without the consent of the trial court.”  Monreal
v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

          There is nothing in the
record to indicate that the trial court has granted permission to appeal.  In
fact, forty-two days after Peoples filed his request for permission to appeal,[1] the trial court made a docket
notation which states, “Ct will take no action.”

          Accordingly, assuming
without deciding that Peoples’s “Request for Permission to Appeal” constitutes
a sufficient notice of appeal under Rule 25.2(c), the appeal is dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(“Chief Justice Gray dissents, noting that
dismissal is premature.  We have not given the defendant notice and opportunity
to explain why there may be grounds to continue this appeal.  I would not
dismiss the appeal until the defendant had been notified of our intent to
dismiss the appeal unless the defendant can provide an explanation supporting the
right to pursue the appeal in the face of a waiver of the right to appeal and
the lack of a certification showing the defendant has a right to appeal.  This
notice and the attendant delay is a small price to pay for due process
compliance.”)

Appeal dismissed

Opinion delivered and
filed January 10, 2007

Do not publish

[CR25]









[1]
          During this 42-day period,
Peoples also filed a Motion for Reconsideration or Reduction of Sentence and a
Motion for New Trial and Motion in Arrest of Judgment.